15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Ernest WHITTENBURG, Defendant-Appellant.
 No. 92-10535.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Dec. 22, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Carl Whittenburg appeals his conviction and sentence for various drug-related offenses, including the operation of a continuing criminal enterprise under 21 U.S.C. Sec. 848.
 
 
 4
 A. Whittenburg claims that insufficient evidence existed on which a jury could convict him under 21 U.S.C. Sec. 848. Sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 In order to prove a violation of section 848, the government must establish: "(1) that the defendant's conduct constituted a felony violation of federal narcotics law; (2) that the described conduct occurred as part of a continuing series of violations of federal narcotics law; (3) that the defendant undertook the activity in concert with five or more persons; (4) that the defendant acted as the organizer, supervisor, or manager of the criminal enterprise; and (5) that the defendant obtained substantial income or resources from the purported enterprise." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1570 (9th Cir.1989). The government provided sufficient evidence to establish these elements. Whittenburg asserts he was only a pilot smuggling drugs into the country on behalf of the real kingpin--"the Man"; on the record before us, a rational jury could have found that if there was any man conducting a continuing criminal enterprise, it was Whittenburg.
 
 
 6
 B. Nor are we troubled by the lack of a specific unanimity instruction. As Whittenburg did not object to the district court's failure to give such an instruction in describing certain elements of the CCE, we review for plain error. United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986).
 
 
 7
 Whittenburg claims that, under United States v. Jerome, 942 F.2d 1328 (9th Cir.1991), the court was required to give a specific unanimity instruction. Jerome, however, is "expressly limited to a situation where some of the supervisees, presented as such by the government to the jury, could not legally have been supervisees." United States v. LeMaux, 994 F.2d 684, 688 (9th Cir.1993). There was no such problem here. Nor did it appear that there was a genuine possibility of juror confusion or that the conviction might result from different jurors concluding the defendant committed different acts, so that a general unanimity instruction would not suffice. Hernandez-Escarsega, 886 F.2d at 1572. Thus, the failure to give a specific unanimity instruction was not plain error.
 
 
 8
 C. Whittenburg also argues that the district court's repeated references to his "guilt or innocence" in its communications with the jury diluted the government's burden of proof. Again, we find he failed to object and review for plain error. United States v. Hamilton, 792 F.2d 837, 840 (9th Cir.1986). In so reviewing, we must evaluate "whether the jury instructions as a whole [were] misleading or inadequate to guide the jury's deliberations." United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991).
 
 
 9
 The judge told the jury on many occasions--before and during the trial, as well as during its final charge--that the defendants were presumed innocent, that they did not have to prove their innocence, and that the government bore the burden of proving them guilty beyond a reasonable doubt. The jury was clearly made aware of the standard of proof it was to apply; we cannot find that the court's references to "guilt or innocence" constitute plain error.
 
 
 10
 D. Nor was the district court's failure to instruct the jury on which offenses could be considered part of a series of federal narcotics violations under the CCE count plain error. Although Whittenburg asserts the jury might have considered non-Title 21 offenses as part of the series of offenses it was required to find on this count, we find no merit in this contention. The jury instructions were clear on this element, ER 223-24; ER 10-16, and the prosecutor did nothing to lead the jury to consider non-Title 21 offenses.
 
 
 11
 E. Whittenburg also argues the district court erred in instructing the jury that it had to find he committed the series of offenses "together with," rather than "in concert with," five or more other persons. As there was no objection, we review for plain error. Hamilton, 792 F.2d at 840.
 
 
 12
 Viewed in context, we fail to see how this instruction constitutes a "highly prejudicial error affecting substantial rights." United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.1979). The CCE instruction as a whole conveyed to the jury that it must find concerted action on the part of Whittenburg and five or more co-conspirators. The use of "together with" was not plain error.
 
 
 13
 F. We review upward departures from the applicable guidelines sentencing range as follows: (1) whether the district court identified an aggravating circumstance not adequately considered by the Sentencing Commission is reviewed de novo; (2) the factual findings supporting the existence of the identified circumstance are reviewed for clear error; (3) whether the degree of departure was reasonable is reviewed for abuse of discretion. United States v. Lira-Barraza, 941 F.2d 745, 746-48 (9th Cir.1991) (en banc).
 
 
 14
 In order to properly conduct this review, we require the district court to explain the extent of its departure. Id. at 751. Here, the court failed to adequately explain its reasons for departing upward from the guideline range of 240-293 months imprisonment to a sentence of life imprisonment. We therefore vacate Whittenburg's sentence and remand to the district court for resentencing.
 
 
 15
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3